**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| XIOMARA CARRILLO,  individually and on behalf of all others similarly situated<br><br>Plaintiff,<br><br><br>-against-<br><br><br>RESURGENT CAPITAL SERVICES and LVNV FUNDING LLC,<br><br>Defendants. | Civil Case Number:<br><br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT**<br>**AND**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff, XIOMARA CARRILLO (hereinafter, "Plaintiff"), a New York resident, brings this class complaint by and through the undersigned attorneys, Marcus & Zelman, LLC, against Defendant RESURGENT CAPITAL SERVICES and LVNV FUNDING LLC for its violations of the Fair Debt Collection Practices Act 15 U.S.C. §1692 (hereinafter "FDCPA"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1. Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.*  Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts"

does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## NATURE OF THE ACTION

3. Plaintiff brings this action seeking redress individually and on behalf of those similarly situated, for Defendant's actions which violate the FDCPA.

4.  It was the purpose of the FDCPA to eliminate abusive debt collection practices by debt collectors. See 15 U.S.C. §1692(e).

5. The regulations under the FDCPA include prohibiting debt collectors from making any false, misleading or deceptive representations, from attempting to collect an amount they are not entitled to, and from attempting to collect an amount they were unable to verify after a dispute.

6. Plaintiff is alleging that Defendant violated several sections in the FDCPA, including 15 U.S.C. §1692e and 1692f.

7. Plaintiff is seeking statutory damages, actual damages, attorney's fees and costs, and declaratory and injunctive relief for the violations of the FDCPA.

## JURISDICTION AND VENUE

8. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692

*et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

9. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

10. Plaintiff is a natural person and a resident of the State of New York.

11. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

12. Defendant Resurgent Capital Services is a collection agency with its registered office located at 601 Abbot Road, East Lansing, Michigan 48823.

13. Upon information and belief, Defendant Resurgent Capital Services is a company that uses the mail, telephone, or facsimile in a business the principal purpose of which is the collection of debts, or that regularly collects or attempts to collect debts alleged to be due another.

14. Defendant Resurgent Capital Services is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

15. Defendant LVNV Funding LLC ("LVNV") is a debt collector with its registered agent located at 1703 Laurel Street, Columbia, South Carolina 29223.

16. Upon information and belief, Defendant LVNV is a company that uses the mail, telephone, or facsimile in a business the principal purpose of which is the collection of debts, or that regularly collects or attempts to collect debts alleged to be due another.

17. Defendant LVNV is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## ALLEGATIONS OF FACT

18. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs

numbered above herein with the same force and effect as if the same were set forth at length herein.

19. Some time prior to December 13, 2012, an obligation was allegedly incurred to Credit One Bank, N.A. ("Credit One") by the Plaintiff.

20. The Credit One obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

21. The alleged Credit One obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

22. Credit One is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

23. On December 13, 2012, Credit One charged off the alleged debt and closed the account to any future charges, including interest.

24. As evinced from statements mailed to Plaintiff from Credit One, Credit One ceased collecting interest on the Plaintiff's alleged debt and waived its right to continue collecting interest. See **Exhibit A.**

25. In fact, Credit One did not charge interest on the December 13, 2012 statement, or anytime thereafter.

26. On or about January 10, 2013 Credit One sold the alleged debt to Defendants. See **Exhibit B.**

27. At the time the debt was sold, the balance of the debt was $574.42.

28. Some time thereafter, at a time better known to the Defendants, LVNV added $224.11 in interest to the alleged balance owed.

29. Upon information and belief, Defendants had no legal or contractual right to charge any interest after Credit One closed the account to any future charges.

30. On or about September 1, 2017, Defendant Resurgent Capital Services mailed the Plaintiff a collection letter in an attempt to collect the Credit One bill. See **Exhibit C.**

31. The letter was received and read by the Plaintiff.

32. The letter stated in part:

   "Balance:  $798.53

   Last Payment Date: 04/15/2012

   Amount Due at Charge-Off: $574.42

   Interest Accrued Post Charge-Off: $224.11"

33. Defendants' action caused the Plaintiff real harm, by subjecting the Plaintiff to deceptive collection practies in violation of her substantive rights to be free from such practuces, and by creating the risk that the Plaintiff would pay more money than she owed, in excess of what the Defendant could lawfully receive.

## <u>CLASS ALLEGATIONS</u>

34. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following consumer classes:

- CLASS A:  Class A consists of (a) All consumers who have an address in the state of New York (b) who were sent a collection letter from Resurgent Capital Services (c) attempting to collect a consumer debt owed to LVNV, (d) whose original creditor was Credit One Bank, N.A. (e) who LVNV charged interest after the debt was charged off by Credit One Bank, N.A. (f) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

35. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect

and/or have purchased debts.

36. Excluded from the Plaintiff Classes are the Defendants and all officers, members, partners, managers, directors, and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

37. There are questions of law and fact common to the Plaintiff Classes, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants violated the FDCPA by (1) attempting to collect a debt which included interest after the debt was closed to any future charges by the original creditor.

38. The Plaintiffs' claims are typical of the class members, as all are based upon the same facts and legal theories.

39. The Plaintiffs will fairly and adequately protect the interests of the Plaintiff Classes defined in this complaint. The Plaintiffs have retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiffs nor their attorneys have any interests, which might cause them not to vigorously pursue this action.

40. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    (a)    **<u>Numerosity:</u>** The Plaintiffs are informed and believe, and on that basis allege, that the Plaintiff Classes defined above are so numerous that joinder of all members would be impractical.

(b)     **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Classes and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendants' attempt to collect an amount they were not legally entitled to violated 15 U.S.C. § 1692e and 1692f.

(c)     **Typicality:** The Plaintiffs' claims are typical of the claims of the class members. The Plaintiffs and all members of the Plaintiff Classes have claims arising out of the Defendants' common uniform course of conduct complained of herein.

(d)     **Adequacy:** The Plaintiffs will fairly and adequately protect the interests of the class members insofar as Plaintiffs have no interests that are averse to the absent class members. The Plaintiffs are committed to vigorously litigating this matter. Plaintiffs have also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiffs nor their counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(e)     **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

41. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff

Classes predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

42. Depending on the outcome of further investigation and discovery, Plaintiffs may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f *et seq.*

43. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

44. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

45. Pursuant to 15 U.S.C. § 1692f, a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

46. More specifically, pursuant to 15 U.S.C. § 1692f (1) a debt collector may not attempt to collect an amount (including any interest, fee, charge or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

47. The Defendants violated 15 U.S.C. § 1692f (1) by attempting to collect an amount that they were not legally or contractually entitled to.

48. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692e *et seq.***

49. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

50. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

51. Pursuant to 15 U.S.C. §1692e, a debt collector is prohibited from using false, deceptive, or misleading representation in connection with the collection of a debt.

52. The Defendant violated section by:

    a. Falsely representing the character, amount, and legal status of the alleged debt in violation of 1692e(2);

    b. Taking action that cannot legally be taken in violation of 1692e(5); and

    c. Making a false representation in connection with the collection of a debt in violation of 1692e(10).

53. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e *et seq*. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## JURY DEMAND

54. Plaintiff requests a trial by jury for all claims that can be so tried.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

    (a)    Declaring that this action is properly maintainable as a Class Action and

certifying Plaintiff as Class representative and Ari H. Marcus, Esq and Yitzchak Zelman, Esq., as Class Counsel;

(b)     Awarding Plaintiff and the Class statutory damages;

(c)     Awarding Plaintiff and the Class actual damages;

(d)     Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(e)     Awarding pre-judgment interest and post-judgment interest; and

(f)     Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.


Dated:  February 12, 2018


*/s/ Ari Marcus*_____
Ari Marcus, Esq.
MARCUS & ZELMAN, LLC
1500 Allaire Avenue, Suite 101
Ocean, New Jersey 07712
(732) 695-3282 telephone
(732) 298-6256 facsimile
*Attorneys for Plaintiff*